UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAURICIO RAMIREZ,

              Plaintiff,

     -against-

UNITES STATES COACH WORKS, INC.,

             Defendant.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV-02-2005 (SLT)(ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Sandra L. Townes for a report and recommendation as to whether a default judgment should be entered against the defendant, United States Coach Works, Inc. (hereafter "defendant"), and, if so, the amount of damages to be awarded. Plaintiff, Mauricio Ramirez, was directed to serve and file papers in support of his damages claim and defendant was permitted to submit papers in opposition. Plaintiff has submitted the Affidavit of Saul D. Zabell, Esq. (hereinafter "Zabell") with exhibits annexed thereto in support of his application for damages and attorneys' fees. No opposition papers were filed by the defendant.

      Based on the evidence submitted and for the reasons set forth herein, the court recommends that a default judgment be entered and that the plaintiff be awarded damages in the amount of $51,110.86 plus pre-judgment interest and $232.79 in costs.

**DISCUSSION**

<u>The Defendant's Default</u>

      Plaintiff commenced this action on April 2, 2002, alleging that he suffered employment discrimination on account of his national origin in violation of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Executive Law § 296 et seq. Specifically, plaintiff claims that he was denied employment benefits such as annual raises and bonuses, production bonuses, vacation benefits, shop keys and a cellular telephone based on his Salvadorian national origin. (Compl. at ¶¶ 7-18). Plaintiff also claims that, because of his national origin, he was passed over for several promotions despite being more senior and more qualified by those who were promoted. (Id. at ¶ 19). Finally, plaintiff alleges that his employment was terminated in retaliation for his complaints of national origin harassment. (Id. at ¶ 26).

Defendant answered the complaint and the parties appeared before the undersigned on October 8, 2002 for an initial conference at which time a pretrial scheduling order was adopted. (See Dkt. Item No. 8). During the discovery period, counsel for the defendant sought to be relieved and District Judge Platt granted that application.[1] Judge Platt also directed the defendant to retain new counsel within twenty days of the June 11, 2003 order. (See Order dated 6/11/03, Dkt. Item No. 10). Having been advised that the defendant had not retained new counsel, the undersigned held a status conference on October 20, 2003 at which time the defendant was warned that because a corporation may not proceed without counsel in federal court, failure to retain new counsel would result in the entry of default judgment. John Gore, President of United States Coach Works, Inc., informed the court that the defendant did not intend to retain counsel to defend this matter. The plaintiff then indicated his intent to move for a default judgment and, shortly thereafter, so moved pursuant to Fed. R. Civ. Proc. 55.

Federal Rule of Civil Procedure 55(a) provides that when a party "has failed to plead or

---

[1] The court notes that this case was initially assigned to District Judge Platt and was reassigned to District Judge Townes on September 9, 2004.

otherwise defend… the clerk shall enter a default." It is well-settled that corporations cannot appear pro se in federal court. See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.") (citations omitted); Dial-A-Mattress Franchise Corp. v. Page, 880 F.2d 675, 677 (2d Cir. 1989). Although the defendant was advised that failure to retain new counsel would result in a default judgment, the defendant has failed to retain new counsel in this matter. Where defendant's counsel has been permitted to withdraw and defendant has failed to comply with a court order to retain new counsel, a default judgment is appropriate. Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 334-335 (2d Cir. 1986); Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426 (2d Cir. 1967) (per curiam); see also Faberware, Inc. v. Groben, No. 89 Civ. 6240, 1991 WL 8506 (S.D.N.Y. Jan. 22, 1991); Bowmar Instrument Corp. v. Continental Microsystems, Inc., 497 F.Supp. 947, 960 (S.D.N.Y. 1980). Accordingly, the undersigned recommends that the plaintiff's motion for a default judgment be granted.

Damages

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F. 2d 155, 158 (2d Cir.), cert. denied, 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." Cablevision Sys. New York City Corp. v. Lokshin, 980 F.Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound, 973 F.2d at

159. Here, the plaintiff seeks an award of $80,085.86, consisting of back pay, emotional distress damages, attorneys' fees and costs. The court will address these damages below.

**A. Back Pay**

Title VII makes it unlawful for an employer to discriminate against an employee because of the "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. The law is clear that a plaintiff whose rights have been violated under Title VII is entitled to an award of back pay. See 42 U.S.C. § 2000e-5(g)(1); Carrero v. New York City Housing Authority, 890 F.2d 569, 580 (2d Cir. 1989) ("An award of back pay is the rule, not the exception"). In determining back pay, the court must calculate the difference between plaintiff's current salary and the salary the plaintiff would have earned had he not been the victim of unlawful discrimination. Vernon v. Port Authority of New York and New Jersey, No. 95 Civ. 4594 (PKL), 2003 WL 1563219, *4 (S.D.N.Y. March 26, 2003). In addition, Title VII plaintiffs are entitled to pre-judgment interest on a back pay award. See, e.g., Saulpaugh v. Monroe Cmty Hosp., 4 F.3d 134, 145 (2d Cir. 1993) ("[T]his Court has held that 'it is ordinarily an abuse of discretion *not* to include pre-judgment interest in a back-pay award.'")(emphasis in original); Tuszynski v. Innovative Services, Inc., No. 01-CV-6302, 2005 WL 221234, *7 (W.D.N.Y. Jan. 29, 2005).

Here, plaintiff seeks a back pay award of $51,110.86 plus pre-judgment interest. This sum is based on the difference between plaintiff's salary at the time of his discharge and his earnings through December 2003. (Zabell Aff. ¶ 30(1) and Exs. B-H). Accordingly, the court recommends that the plaintiff be awarded back pay in the amount of $51,110.86 plus pre-judgment interest on the back pay award calculated at the current federal rate in accordance with 28 U.S.C. § 1961(a). Walia v. Vivek Purmasir & Associates, Inc., 160 F.Supp.2d 380, 388-39

(E.D.N.Y. 2000) ("Many courts in this circuit have set the pre-judgment interest rate at the United States 52-week treasury bill rate referred to in 28 U.S.C. § 1961(a).") (citing <u>Luciano v. Olsten Corp.</u>, 912 F. Supp. 663, 677 (E.D.N.Y.1996) (collecting cases), <u>aff'd.</u>, 110 F.3d 210 (2d Cir. 1997) (additional citations omitted).

**B. Emotional Distress Damages**

Plaintiff seeks an award of $10,000 for emotional distress damages. Under Title VII, a court may award compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981(b)(3). When awarding such damages, courts consider the "duration, severity, consequences and physical manifestations of the mental anguish, as well as any treatment that plaintiff underwent." <u>Gleason v. Callanan Industr., Inc.</u>, 203 A.D. 2d 750, 752, 610 N.Y.S. 2d 671, 673 (2d Dep't, 1994).

Here, plaintiff has failed to provide any evidence concerning the "duration, severity, consequences and physical manifestations of the mental anguish, as well as any treatment" that he may have received. <u>Gleason</u>, 203 A.D.2d at 752, 610 N.Y.S.2d at 673. The only support for plaintiff's claim of emotional distress damages is an affidavit from his attorney, Saul Zabell, stating simply that the emotional distress damages are for the plaintiff's "embarrassment, humiliation, and depression." (<u>See</u> Zabell Aff. ¶ 30(a)(14)). Thus, there is simply no evidence from which the court can conclude that the plaintiff is entitled to emotional distress damages. <u>See</u> <u>EEOC v. Best Clothing Manufacturing, Inc.</u>, No. 02 CV 5081 (ILG), 2005 WL 1594153, *2 (E.D.N.Y. July 7, 2005) (declining to award damages for emotional distress explaining that "the Court has been unable to locate [any case] in which a prevailing party in a Title VII case has been awarded damages for alleged emotional distress where the employee failed to come forward with

any competent proof of such damages.").

**C. Attorneys' Fees and Costs**

Under Title VII, a district court is authorized to award reasonable attorneys' fees to the prevailing party in an employment discrimination action. See 42 U.S.C. § 2000e-5(k); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913 (2d Cir. 1997). In this Circuit, attorneys' fee awards are determined by calculating the "lodestar" figure, which is based on the number of reasonable hours expended, multiplied by a reasonable hourly rate. See Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987)). The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged. See generally, New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. Id. at 1147-48. The court has reviewed the records submitted by the plaintiff for legal services rendered in connection with this matter. While the records are not, in some instances, abundantly detailed, the level of detail is sufficient to meet the requisite standard. Accordingly, the court finds that plaintiff has satisfied the contemporaneous record requirement.

With regard to the reasonableness of the hourly rate charged, the court notes that the hourly rate charged should be "'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" Cruz, 34 F.3d at 1159 (citing Blum v. Stetson, 465 U.S. 886, 896 n.11 (1984)). The "prevailing community" that a district court should consider is usually "'the district in which the court sits,' unless there has been a showing that 'special expertise of counsel from a . . . [different] district was required.'"

Id. (citing Polk v. New York State Dep't of Correctional Servs., 722 F.2d 23, 25 (2d Cir. 1983)).

In this district, prevailing rates have ranged from $200-$250 for partners, $200 for senior associates and $100 for junior associates. See Matthews v. City of New York, CV 01-2739, 2003 U.S. Dist. LEXIS 16334, at * 16 ( E.D.N.Y., Aug. 27, 2003) (citing Fink v. City of New York, 154 F. Supp. 2d 403, 407 (E.D.N.Y. 2001)). Here, the hourly rate of $300 charged by all of the individuals reflected on the time sheets, although not unusual for name partners at a Manhattan law firm, is too high to be considered a reasonable prevailing market rate for the purposes of the attorneys' fee award at issue here. Accordingly, the court finds that the rate charged in this matter is not consistent with prevailing market rates in the Eastern District of New York.

Moreover, the time records identify the individuals who worked on this matter only as "Frank", "Ralph", "Michael M", "Chris", "Brennan", "Jeff", "Christina U", "Liz" and "Alex." Thus, the court cannot even discern from the information before it whether the individuals named in the time records are attorneys or support staff. Nor is any information provided concerning their level of experience. Counsel for the plaintiff invites the court to guess the role of such persons in the litigation. The court declines to do so. Plaintiff has failed to provide any evidence from which the court can assess the reasonableness of the hourly rate. Thus, under the circumstances, the court recommends that plaintiff's application for an award of fees be denied.

Finally, a plaintiff prevailing in a Title VII suit is entitled to recover costs. 42 U.S.C. § 2000e-5(k). Here, plaintiff seeks reimbursement for filing fees, photocopying costs, and postage in the amount of $232.79. (Zabell Aff. at ¶ 30(b)-(h); *see also* Ex. I annexed to Aff.). The court finds these costs to be reasonable and, accordingly, recommends that costs in the amount of $232.79 be awarded.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of the date of service of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      August 1, 2005

/s/
_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge