FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ SEP 2 0 2005 ★
TIME A.M. _____
P.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Mauricio Ramirez,

                Plaintiff,

    -V-

ORDER

02-cv-2005(SLT)(ARL)

United States Coach Works, Inc.,

                Defendant.
-----------------------------------------------------------X

TOWNES, U.S.D.J.

    Plaintiff Mauricio Ramirez ("Plaintiff" or "Ramirez") brings the present action against Defendant United States Coach Works ("Defendant"), his former employer, for alleged discrimination in violation of 42 U.S.C. § 2000e et. seq. ("Title VII"). On March 31, 2004, this Court (Platt, J.) referred the matter to Magistrate Judge Lindsay for a determination of damages in connection with Plaintiff's motion for a default judgment. Judge Lindsay found Plaintiff entitled to back pay damages and costs, but denied Plaintiff damages for emotional distress and attorneys' fees, as the latter two were not adequately shown to be warranted. (*See* Report and Recommendation at 5-7.) This Court adopts Judge Lindsay's Report and Recommendation in its entirety.

    A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *See id.* Upon de novo review of those portions of the record to which objections were

made, the district court judge may affirm or reject the recommendations. *See id.* The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

In this action, Plaintiff filed a letter addressed to the Clerk of the Court, requesting that the Court "reconsider" Judge Lindsay's recommendation to deny attorneys' fees. (*See* Letter from Zabell to Clerk of the Court of 8/9/05.) Plaintiff does not purport to object to any findings of fact or conclusions of law made by Judge Lindsay, but instead asks the Clerk of the Court to entertain its re-application for attorneys' fees without citation to statute or case law that would permit the Clerk of the Court or this Court to do so. Indeed, though 28 U.S.C. 636 (b)(1)(A) empowers this Court to reconsider any pretrial matter determined by a Magistrate Judge, it must first be shown that the Magistrate's order is "clearly erroneous or contrary to law," a contention Plaintiff does not make. As such, this Court adopts and affirms the Report and Recommendation of Magistrate Judge Lindsay, as Plaintiff has not stated an objection thereto.

SO ORDERED.

/SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2005
Brooklyn, NY